# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0259V
UNPUBLISHED

| | |
|---|---|
| KULDIP SOHPAL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 23, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On January 7, 2021, Kuldip Sohpal filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her left shoulder on October 29, 2019. Petition at 1. Petitioner further alleges that she satisfies the statutory severity requirement by suffering the residual effects of her injury for more than six months. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 23, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1. Specifically, Respondent states that "petitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation for SIRVA. Specifically, petitioner had no history of pain, inflammation, or dysfunction of her left shoulder that would explain her symptoms after vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's pain." *Id.* at 9. Respondent further agrees that Petitioner timely filed her claim, that she received the flu vaccine in the United States, and that she satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master